IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BENNIE GREEN,

    Plaintiff,

v.

ADAM JOHNSON, et al.

    Defendant.

ORDER

Case No. 25-cv-491-jdp

On June 13, 2025, I entered an order assessing plaintiff Bennie Green an initial partial payment of $72.00 in this case. Now plaintiff has filed a motion to waive the initial payment, asserting that he cannot pay. *See* dkt. 5. I will deny his motion for the following reason:

In 28 U.S.C. § 1915(b)(1), Congress established a formula to determine how much a prisoner seeking leave to proceed *in forma pauperis* must pay to file a new civil action or appeal in federal court. The statute says, "The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

In calculating the initial partial filing fee in this case, I used the account statement that plaintiff submitted on June 11, 2025. *See* dkt. 3. I determined that plaintiff's average monthly deposits were $1440 and that his initial partial filing fee was $72.00.

I will deny plaintiff's motion to waive the initial partial payment, and I will give plaintiff an extension of time, until July 31, 2025, to submit the $72.00 initial partial payment or submit a current account statement that shows how his financial situation has worsened.

ORDER

IT IS ORDERED that:

1. Plaintiff Bennie Green's request to waive the initial partial filing fee is DENIED.

2. Plaintiff may have an extension of time, until July 31, 2025, to submit a check or money order payable to the clerk of court in the amount of $72.00, or to submit an updated inmate account statement or other documentation that shows how his financial situation has changed.

3. If plaintiff fails to make the initial partial payment by July 31, 2025, or fails to explain why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, his case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payment within 30 days of dismissal, his case will be reopened. The court will not reopen the case after 30 days unless plaintiff shows that he is entitled to relief under Fed. R. Civ. P. 60(b).

Entered this 3rd day of July, 2025.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge