IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BENNIE GREEN,

                  Plaintiff,

v.

ADAM JOHNSON and MARSHALL SCHJONEMAN,

                  Defendants.

OPINION and ORDER

25-cv-491-jdp

---

Plaintiff Bennie Green, proceeding without counsel, is a pretrial detainee at the Marathon County Jail who is also on a probation hold. Green alleges that defendant jail staff mistakenly released his property to a third party and he was unable to recover all of that property. Green has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Green's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Green's complaint doesn't state any claims for relief that this federal court can hear. He alleges that defendants mistakenly gave his property to a person who he was traveling with when they were both arrested, and that he was later able to recover some of that property but not all of it, including a laptop. In his complaint, Green states that he is suing for a violation of federal law. I take him to be seeking leave to proceed on a constitutional claim under 42 U.S.C. § 1983, but he alleges only that defendant mistakenly released his property.

"[N]egligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). So he doesn't state a claim under federal law.

Even if Green meant to proceed on a state-law negligence claim, this court couldn't consider it. Without a federal-law claim in this case, this federal court cannot consider a state-law claim unless Green were to show that the requirements for the court's diversity jurisdiction are met: that he and defendants are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332. But Green states that both he and defendants are Wisconsin citizens and he seeks only $60,000 in damages.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Green could amend his complaint to fix the problems discussed above. I will also direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.
2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered September 4, 2025.

                                    BY THE COURT:

                                    /s/

                                    _____
                                    JAMES D. PETERSON
                                    District Judge